1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ZAMBRANO, | 1:15-cv-00312-EPG-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| vs. | |
| B. VALDEZ, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |
| | (ECF No. 9) |

## I.    BACKGROUND

Ricardo Zambrano ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant 42 U.S.C. § 1983.

On February 27, 2015, Plaintiff filed his initial complaint.  (ECF No. 1.)  On April 17, 2015, Plaintiff filed a first amended complaint.  (ECF No. 7.)  On February 25, 2016, Magistrate Judge Dennis L. Beck issued a screening order, which dismissed the first amended complaint for failure to state a claim and granted Plaintiff leave to amend.  On March 25, 2016, Plaintiff filed a second amended complaint, which is before this Court for screening.  (ECF No. 9.)

On March 25, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance.  (ECF No. 6.)

1

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976)).

## III.  SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges that on May 12, 2014, he packed his personal property.  At that time, his TV was checked by Officer B. Valdez and did not have a hole in it.  On June 6, 2014, A.V.

2

Guerra, property officer of Corcoran Security Housing Unit, confiscated Plaintiff's TV because it had a hold in it.

Plaintiff explains that he "filed this claim with the Court because the Department never accept liability by my confiscation and damages of my personal property."  (Second Amended Complaint at 4, ECF No. 9.)

Plaintiff names the following defendants:  Bo Valdez, property officer at Kern Valley State Prison; A. V. Guerra, property officer of Corcoran Security Housing Unit at Corcoran State Prison; M. Seaman, inmate appeals office, Kern Valley State Prison; S. Tallerico, inmate appeals office, Kern Valley State Prison; C. Pfeiffer, Chief Deputy Warden, Kern Valley State Prison; G. Gregory, correctional sergeant, Kern Valley State Prison; F. P. Field, associate warden central operations, Kern Valley State Prison; R. A. Salazar, correctional sergeant, Kern Valley State Prison; R. Pimentel, appeals examiner captain, Sacramento; R. L. Briggs, Chief Office of Appeals, Sacramento.

## IV.   PLAINTIFF'S CLAIMS

### A.  Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).

Moreover, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). California's tort claim process provides such a postdeprivation remedy.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").

**B.  Application to Plaintiff's Second Amended Complaint**

Plaintiff's Second Amended Complaint fails to state a constitutional claim against any defendant under the legal standards described above.  Plaintiff does not allege that any defendant *intentionally* put a hole in his television.  Indeed, he alleges in his complaint that the hole was due to correctional officers' negligence.  Negligence is unintentional and does not give rise to due process rights.  Not to mention that Plaintiff does assert his claim against any specific correctional officer.  It is possible from the description of events that Plaintiff's television was damaged in transport due to negligent transportation along the way.  This alone does not state a constitutional claim.

Furthermore, Plaintiff has (or had) a claim against the prison for negligent damage to his property under state law.  Without a federal claim, the Court declines to exercise supplemental jurisdiction as to such a claim.  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").  But the Court notes that California does provide a remedy for destruction of property through the California Government Claims Board.  This process has its

4

own procedural requirements, including that such a claim be filed promptly before the Government Claims Board.[1]

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff Second Amended Complaint (ECF No. 9) fails to state a cognizable claim against any defendant and should be dismissed.

The Court does not believe Plaintiff is entitled to additional leave to amend his complaint.  The Court has already screened Plaintiff's earlier complaint and found it did not state a claim.  The Court provided legal guidance to assist Plaintiff in stating a claim.  Plaintiff has now filed three complaints without stating a cognizable claim under the law.

Accordingly, IT IS HEREBY ORDERED that:

1.       Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2.       This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and,

3.       The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **September 27, 2016**        /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity. Cal. Gov't Code § 911.2; State of California v. Superior Court 32 Cal.4th 1234, 1239 (2004).  Since 1988, such claims must be presented to the government entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2, as amended by Stats.1987, ch. 1208, § 3, p. 4306. Accrual of the cause of  action for purposes of the government claims statute is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants. Cal. Gov't Code § 901; Whitfield v. Roth 10 Cal.3d 874, 884–885 (1974).